*Abner C. Thomas* for appellant.

*E. More* for respondents.

PECKHAM, J., reads *mem.* for affirmance.
All concur.
Judgment affirmed.

---

In the Matter of the Judicial Settlement of the Account of JAMES WILEY, as General Guardian, etc.

Under the provisions of the Code of Civil Procedure (§ 2606), conferring upon the Surrogate's Court jurisdiction on death of a guardian, executor or administrator, to require his executor or administrator to account for and deliver over the trust estate the same as it would have against the decedent, if his letters had been revoked in his life-time, his representative, as soon as appointed, stands in his place for the purpose of such accounting and delivery, and the application therefor may be made immediately upon such appointment.

(Argued February 24, 1890; decided March 4, 1890.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made December 2, 1889, which affirmed an order of the surrogate directing an accounting by the administratrix of James Wiley, deceased, of the trust estate in his hands at the time of his decease, as general guardian of Emily L. Middleton.

The following is the *mem.* of opinion :

" The case of *In re Accounting of Clark as Executor of Fithian* has just been decided by this court, and not yet reported.*

" In that case Clark, the executor of Fithian, died, and Clark's executrix had been appointed but the day before the filing of the petition of Mrs. Fithian to compel such executrix to show cause why the account of Clark as the executor of Fithian should not be rendered and settled.

" We held that the section (2606) of the Code gave the surrogate jurisdiction upon the death of an executor to require

*Ante,* p. 427.

his executor or administrator to account for and deliver over the trust estate precisely as if the letters of the deceased executor had been revoked in his life-time, and he had been called upon to deliver up the assets, and that his representative stood in his place for the purpose of such accounting and delivery.

"While the question of the precise time, within which such accounting could be demanded, was not raised in that case, yet we are of the opinion that the true construction of the section permits the application to be made immediately upon the appointment of the executor of the guardian or administrator, etc.

"This leads to an affirmance of the order."

*William J. Lynch* for appellant.

*Edward C. Perkins* for respondent.

*Per curiam* opinion for affirmance.
All concur except GRAY, J., not sitting.
Order affirmed.

---

WILLIAM P. PICKETT, as Assignee, etc., Appellant, *v.* ADA F. M. GOLLNER, Respondent.

(Argued February 24, 1890; decided March 4, 1890.)

MOTION to dismiss appeal from judgment of the General Term of the City Court of Brooklyn, entered upon an order made November 1, 1889, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury. The motion was based on the ground that the amount in controversy was less than $500.

*Herman F. Koeppe* for motion.

*Alfred R. Page* opposed.

Agree to grant motion; no opinion.
All concur.
Appeal dismissed.